IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael R. Escue,                      :

            Plaintiff           :     Civil Action 2:09-cv-765

   v.                      :     Judge Graham

Sequent, Inc., *et al.*,          :     Magistrate Judge Abel

           Defendants   :

# Order

Plaintiff Michael R. Escue seeks recision of a December 20, 2006 Merger Agreement that merged two professional employee organizations ("POE"s): Better Business Solutions of Alabama, Inc. ("BBSA") and Sequent, Inc ("Sequent"). This matter is before the Magistrate Judge on plaintiff Michael R. Escue's October 22, 2010 motion to compel discovery (doc. 56).

## I.     Allegations in the Complaint

The complaint makes the following allegations. Plaintiff Michael R. Escue was the 100% shareholder of BBSA. He exchanged his BBSA shares, valued at $1,871,630, for shares of Sequent. Defendants concealed from Escue that Sequent had engaged in unlawful transactions and was then the subject of an ongoing criminal investigation, that it derived income from illegal loans, illegally inflated insurance premiums, and illegal business practices, and that defendants misrepresented the value of Sequent by

failing to properly reflect liabilities for ERISA violations and other criminal and civil law violations.

## II.    Arguments of the Parties

### A.    Plaintiff Michael R. Escue

Through the course of conducting discovery on the discovery process, plaintiff has learned that no litigation hold was issued to Sequent employees for the United States Department of Labor's ("DOL") ongoing investigation and that Sequent's chief executive officer deleted email on a daily basis and its chief financial officer deleted email on at least a monthly basis. Plaintiff also learned that Sequent discontinued its practice of creating monthly back up tapes of electronically stored information ("ESI") soon after the filing of this lawsuit. Defendants limited their keyword searches of ESI to records generated before the effective date of the merger, i.e., January 1, 2007, and they refuse to bear the cost of restoring Sequent's backup tapes from the date the DOL began its criminal investigation or the date this lawsuit was initiated.

Sequent and Hutter conducted keyword searches, but according to plaintiff, they failed to document the search terms or search results. As a result, their search terms cannot be tested, examined, or reproduced. Sequent has only agreed to search ESI records as they currently exist on its computers servers. Because employees routinely deleted emails even after the DOL began its criminal investigation, any search of only "live" ESI records would be incomplete. Furthermore, defendant Hutter, Sequent's CEO, excluded those search terms proposed by plaintiff that he found to be

2

"nonsensical."

Plaintiff seeks an order from this Court compelling Sequent (1) to restore all of its backup tapes from January 27, 2006 through the filing of this lawsuit on September 2, 2009; and (2) to conduct keyword searches as proposed by Escue, to document and report results from those keyword searches, and to permit additional keyword searches in an iterative, collaborative manner following an analysis of search results for non-responsive information. Plaintiff also seeks a timetable for defendant to apply and document initial keyword searches and any follow-up searches deemed necessary.

Plaintiff notes that defendants' responses failed to include Sequent's civil case settlement with the DOL.

Plaintiff argues that a party's failure to implement a litigation hold, which led to the destruction of records, constitutes gross negligence. Under these circumstances the relevance of the documents and prejudice to the opposing party is presumed.

### B.    Defendants Sequent, Inc. and William F. Hutter

Defendants assert that they have produced over 250,000 pages of documents in response to plaintiff's discovery requests, and plaintiff has not challenged the sufficiency of any of their responses. Plaintiff also fails to challenge the appropriateness of any of defendants' written objections. Plaintiff simply asserts that additional responsive documents exist only on backup tapes created as part of Sequent's disaster relief protocol and insists that defendants incur the costs necessary to restore four years of monthly backup tapes before conducting unspecified searches on them. He also seeks

3

a Court order requiring defendants to embark on an open-ended collaborative process involving multiple key word searches in the hope that there may be documents responsive to unspecified requests.

Despite plaintiff's assertion to the contrary, Sequent maintains that it has had a litigation hold in place since February 2006. Defendants further argue that plaintiff has mischaracterized the deposition testimony of Hutter and Caldwell. Hutter testified that he only deleted "junk email" and that he retained all other email. Emails related to business are maintained in his inbox for approximately six months before they are archived. Hutter's archived emails can be accessed in a subfolder in his email directory. Hutter also testified that he formulated searches based on plaintiff's written requests and searched his inbox and archived email back to 2005. He also manually searched certain folders in his inbox, home computers, and hard copy files in his office. Hutter did not ignore any of plaintiff's document requests, and when he used the term "nonsensical" he was referring to proposed key words and not document requests. With respect to the documents that he believed were subject to the attorney-client privilege, the emails were placed in a separate folder to which his attorney had access to review them.

Caldwell was not employed by Sequent until April 2007, four months after the merger occurred, so he did not have any discussion with plaintiff on the proposed merger. Caldwell did not become Sequent's CFO until January 2009. Caldwell testified that he would not have deleted any emails associated with this litigation.

4

Defendants argue that plaintiff's motion should be denied because Escue has not specified any documents that he believes exists that have not been produced, nor has he identified any written response that he claims is deficient.  Defendants maintain that the cost of restoring and completing unspecified searches on monthly backup tapes substantially outweighs any speculative benefit of obtaining additional documents that are likely to be duplicative. Under Rule 26(b)(2) of the Federal Rules of Civil Procedure, once a party has shown that ESI is not reasonably accessible, the burden shifts to the other party to establish good cause for requiring its production. Defendants maintain that the burden and expense of restoring 45 monthly backup tapes greatly exceeds any likely benefit. At best, any restoration of the tapes would yield duplicative documents of tangential relevance and delay this case for another 19 weeks.

Defendants also argue that plaintiff has failed to meet his burden of demonstrating that post-2007 documents are relevant to his claims. If plaintiff was misled, this would have occurred prior to executing the merger agreement. Plaintiff fails to explain how ESI on 32 of the 46 backup tapes created after the merger transaction closed can him prove that he was misled before the transaction closed.

Defendants maintains that restoring and searching the monthly backup tapes would yield duplicative documents because the only difference between ESI in two successive monthly tapes are the addition of new ESI generated during the past thirty days and the deletion of ESI during the past thirty days. Because a hold order regarding issues relevant to this litigation was in effect for the entire time encompassed by the 45

months of backup tapes, the same ESI would be produced again and again. Any marginal benefit would be substantially outweighed by the significant burden on Sequent. Sequent conservatively estimates the cost of restoring the backup tapes could be $82,860.30.

Defendants also argue that plaintiff's alternate request that defendants be required to conduct the key word searches in accordance with his counsel's October 1, 2010 letter should also be denied. On October 15, 2010, defendant responded to plaintiff's letter, but plaintiff filed his motion to compel rather than responding to this letter. Defendant argues that it is unreasonable for a party to conduct extensive discovery in one manner only to demand the right to later conduct the same discovery in a different manner. Defendants opposed undertaking discovery in an entirely new manner at this stage of the litigation.

### III.    Discussion

Although Sequent did not produce all documents in a searchable format, it rectified that error after Escue raised it in the motion to compel. Plaintiff has failed to demonstrate that Sequent intentionally deleted or archived email that should have been subject to a litigation hold and held accessible in "live" ESI. Further, Sequent represents that it has turned over all relevant, requested documents regarding the civil settlement of the DOL investigation and correspondence with its outside auditors. It has also given an explanation for why the CFO, who was hired four months after the merger, had no responsive documents. Plaintiff has not produced evidence to the contrary.

Hutter did not keep a record of the search terms he used. On the other hand, plaintiff's counsel were slow to consult with defendants' counsel and reach agreement about the search terms. Given the potential importance of Hutter's email, plaintiff may–within seven (7) days of the date of this order–request that plaintiff's counsel search Hutter's email using the search terms previously agreed to by the parties. Otherwise,  plaintiff Michael R. Escue's October 22, 2010 motion to compel discovery (doc. 56) is **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel_____
United States Magistrate Judge

7