UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL R. ESCUE,**

      **Plaintiff,**

      v.

**SEQUENT, INC., et al.,**

      **Defendants.**

Case No. 2:09-cv-765
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) A motion for an award of attorneys' fees and costs filed by Sequent, Inc. ("Sequent") (ECF No. 222), a memorandum in opposition filed by Michael R. Escue ("Escue") (ECF No. 228), and a reply memorandum filed by Sequent (ECF No. 234);

(2) A motion for an award of attorneys' fees and expenses filed by Escue (ECF No. 240); a memorandum in opposition filed by Sequent (ECF No. 256), and a reply memorandum filed by Escue (ECF No. 258), and a sur-reply memorandum filed by Sequent (ECF No. 262);

(3) A combined supplemental brief and renewed motion for attorney's fees and costs filed by Escue (ECF No. 254), a memorandum in opposition filed by Sequent (ECF No. 259); and

(4) A supplemental motion for attorney's fees and costs filed by Sequent (ECF No. 255); a memorandum in opposition filed by Escue (ECF No. 257); a reply memorandum filed by Sequent (ECF No. 261).

1

For the reasons that follow, the Court **DENIES** Sequent's motion for an award of attorneys' fees and costs (ECF No. 222), **DENIES** Sequent's supplemental motion for attorney's fees and costs (ECF No. 255), **DENIES** Escue's motion for an award of attorneys' fees and expenses (ECF No. 240), and **DENIES** Escue's renewed motion for attorney's fees and costs (ECF No. 254).

### I. Background

The underlying facts of this case, which are largely irrelevant to the issues *sub judice*, can be found in the Sixth Circuit's opinion of *Escue v. Sequent, Inc.*, 568 F. App'x 357, 358-62 (6th Cir. 2014).   Of importance here is that Escue asserted twelve claims in his amended complaint (ECF No. 19), while Sequent asserted four counterclaims (ECF No. 27) in its answer, two of which failed to survive a Federal Rule of Civil Procedure 12(b)(6) dismissal (ECF No. 47) and two of which reappeared in Sequent's amended answer (ECF No. 176).   The following chart summarizes these claims and counterclaims and their disposition:

| Claim by Escue | Counterclaim by Sequent | Disposition |
|---|---|---|
| First claim: breach of contract (merger agreement) | | Summary judgment in favor of Sequent. |
| Second claim: breach of contract (merger agreement) | | Summary judgment in favor of Sequent. |
| Third claim: fraudulent inducement | | Summary judgment in favor of Sequent. |
| Fourth claim: fraudulent inducement | | Summary judgment in favor of Sequent. |
| Fifth claim: securities fraud claim | | Summary judgment in favor of Sequent. |
| Sixth claim: securities fraud claim | | Summary judgment in favor of Sequent. |
| Seventh claim: false statement claim | | Summary judgment in favor of Sequent. |
| Eighth claim: breach of fiduciary duty | | Summary judgment in favor of Sequent. |
| Ninth claim: unlawful sale of a security | | Summary judgment in favor of Sequent. |
| Tenth claim: unlawful sale of a security | | Summary judgment in favor of Sequent. |
| Eleventh claim: breach of contract | | Verdict in favor of Escue. |

| | | |
|---|---|---|
| (employment agreement) | | |
| Twelfth claim: declaratory judgment (employment agreement) | | Dismissed without prejudice prior to trial by agreement of the parties. |
| | First counterclaim: breach of contract (merger agreement) | Summary judgment in favor of Escue. |
| | Second counterclaim: breach of fiduciary duty | Summary judgment in favor of Escue on communications component. Verdict in favor of Escue on self-dealing and policies-and-procedures components. |
| | Third counterclaim: tortious interference with contractual relationship | Dismissed in favor of Escue for failure to state a claim upon which the court could grant relief. |
| | Fourth counterclaim: breach of contract (employment agreement) | Dismissed in favor of Escue for failure to state a claim upon which the court could grant relief. |

Following entry of judgment, Sequent filed a motion for an award of attorney's fees and costs incurred in defending against the claims that Escue asserted in connection with the merger agreement underlying this litigation.  (ECF No. 222.)   During the course of briefing on the motion, this Court entered an amended judgment to add interest.  (ECF No. 233.)   Escue appealed, and a few weeks thereafter filed a motion for an award of those attorney's fees and expenses incurred in litigating the claims and counterclaims involving his employment agreement. (ECF No. 240.)   In light of the appeal, the Court held the fee awards issues in abeyance and therefore denied both motions for attorney's fees and costs without prejudice.  (ECF No. 242.) In June 2014, the Sixth Circuit ultimately affirmed.

After issuance of the mandate, this Court held a status conference with the parties.   As a result of discussions held during that conference, the Court agreed that it should resolve the threshold issues of whether either party is a "prevailing party" who can seek attorney's fees and costs and whether any party has timely sought such recovery.   This Court therefore re-activated the parties' motions for attorney's fees and costs and permitted the parties to file supplemental

briefing: an update to each motion, memoranda in opposition to the updates, and reply memoranda. (ECF No. 253.) This supplemental briefing schedule contemplated at most six additional briefs; the Court was not shocked when the parties instead proceeded to file eight briefs. By any standard, briefing has closed and the threshold issues underlying the motions for attorney's fees and costs are ripe for disposition.

## II.     Discussion

Sequent seeks attorney's fees and costs based on a provision in the merger agreement. That provision reads:

> If any party shall commence any action or proceeding against another party in order to enforce the provisions hereof, or to recover damages as the result of the alleged breach of any of the provisions hereof, then the prevailing party therein shall be entitled to recover all reasonable costs incurred in connection therewith, including, but not limited to, reasonable attorneys' fees and expenses.

(ECF No. 147-56, at Page ID # 4610.) The merger agreement does not define "prevailing party" and does not explain what "in connection therewith" means.

Escue argues that neither party is entitled to attorney's fees and costs under the merger agreement. He reasons that although the merger agreement does not define "prevailing party," the agreement's use of "the" preceding "prevailing party" means that the agreement contemplates only one prevailing party. According to Escue, there is no such sole entity here.

At first blush, the "there can be only one" portion of this analytic chain appears to be a logical if not necessarily dispositive argument grounded in the rules of grammar. Although Escue asserts that "the" is a preposition, it is actually a definite article. "The" is a determiner that signals that a noun follows this definite article, and the use of "the" indicates that the following noun will be a specific noun. "The" is used before specific singular nouns, specific plural nouns, and

4

specific mass nouns. It is not used with nonspecific plural nouns or nonspecific mass nouns or where such nouns refer only generally to all members of a group. In other words, use of "the" in the merger agreement involves the specific noun "prevailing party," and the election not to set forth "prevailing party or parties" indeed suggests but one prevailing party. The agreement also speaks in terms of an action or proceeding; it does not speak in terms of individual claims, which would inherently raise the possibility of more than one prevailing party. Thus, Escue's reasoning that the merger agreement contemplates only one prevailing party in a case and that there is no such single prevailing party here is at least superficially appealing. Sequent prevailed on Escue's claims based on the merger agreement, while Escue prevailed on Sequent's counterclaim based on that same agreement.

But more than the rules of grammar inform the "prevailing party" issue. Guidance on the meaning afforded the merger agreement's "prevailing party" provision exists in the Sixth Circuit's decision in *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138, 1996 WL 616677 (6th Cir. 1996) (unpublished table decision). In *Clarke*, the court of appeals addressed a lease agreement governed by Tennessee law that contained a provision stating that "the prevailing party shall be entitled to all costs . . . including a reasonable attorney's fee" that were "incurred in connection with" an action on the lease or arising out of possession of the premises that the lease involved. *Id.* at *1. That lease, similar to the merger agreement here, did not define "prevailing party." In deciding whether the defendant was a "prevailing party" within the meaning of the lease provision, the Sixth Circuit unexpectedly did not turn to Tennessee law to construe the relevant lease term. Rather, the court of appeals explained:

> The need to determine the identity of the prevailing party or parties in this case flows from a contract, not from a federal statute or rule. It is entirely possible for

5

>the parties to a contract to devise their own definition of a "prevailing party." However, where, as here, the contractual provision awarding fees is identical to the frequently-used statutory term "prevailing party," and there is no effort to define that term differently in the lease providing for the recovery of fees, we hold that the parties intend the term "prevailing party" to have the meaning given it by the case law under Rule 54(d)(1).

*Id.* at *10. Thus, the Sixth Circuit applied the meaning of a federal procedural rule to construe a term in a contract grounded in state law, imputing to the parties the intent to adhere in their contract to the federal meaning.

Judicial officers within this Circuit have understood *Clarke* to stand for the proposition that "[w]hen a contract does not include a definition of what it means to prevail, the Sixth Circuit . . . [has] held it has the meaning given by case law under Rule 54(d)(1)." *Alloys Int'l, Inc. v. Aeronca, Inc.*, No. 1:10-cv-293, 2012 WL 5495180, at *1 (S.D. Ohio Nov. 13, 2012). *See also Novi Promenade Assocs. Ltd. P'ship v. Target Corp.*, No. 02-CV-72890, 2005 WL 2417110, at *10 (E.D. Mich. Sept. 30, 2005).

Having made the *Clarke* analytic leap described above, the court of appeals continued:

> " 'The general principle under Rule 54(d) is that costs go as of course to the prevailing party, subject to the district court's discretion to direct otherwise.' 6 J. Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* ¶ 54.7[2] (2d ed. 1988). This general principle under Rule 54(d) applies even when the successful party is not awarded his entire claim." *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265-66 (6th Cir. 1988). In other words a party need not prevail on all issues to be deemed a "prevailing party." *United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir. 1978). [Plaintiff]'s argument that [Defendant] must prevail on "most" of the claims in the case is not the law. Moreover, there is a strong argument that [Defendant] actually did prevail to a greater extent on the issues involved in this case than [Plaintiff].

*Id.* Looking at the disposition of the claims and counterclaims asserted, the Sixth Circuit focused on which party was "the predominantly prevailing party" in concluding that the defendant "was at least partially a prevailing party, and on balance probably prevailed on more issues, especially

6

issues of greater financial consequence, than" the plaintiff.  *Id.* at *11.

*Clarke* is instructive in setting forth the broad analytic framework for today's analysis. The merger agreement here does not define "prevailing party," and turning to the meaning of the federal rule's use of the term leads to the conclusion that *no party* is the predominantly prevailing party on merger agreement claims.  Sequent obtained summary judgment on Escue's two breach of contract claims based on the merger agreement, while, like the defendant in *Clarke*, Sequent lost on its breach of contract counterclaim.  But the requisite inquiry is more complicated than a simple two-to-one analysis.

Escue's first claim for relief was for a breach of the merger agreement, and in connection with that claim he sought rescission of the merger agreement.  (ECF No. 19 ¶¶ 117-21.)  His second claim for relief was for a breach of the merger agreement based on the exact same conduct as the basis of his first claim; the only difference between the claims is that Escue sought the alternative remedy of monetary damages in an amount in excess of $75,000.  (*Id.* ¶¶ 122-23.) The consequent analysis is simple: same facts, different remedies, essentially one claim spread into two counts.  Sequent's first counterclaim also asserted a breach of the merger agreement and also sought monetary damages in an amount in excess of $75,000.  (ECF No. 176 ¶¶ 190-96.) All three of these claims failed.

None of the other claims upon which Sequent relies in pursuit of an award are merger agreement enforcement or breach claims.  Although Sequent argues that the asserted conduct underlying these other claims is the same conduct involved in the breach of contract claims, Sequent overlooks that these claims nonetheless fall outside the prevailing party analysis.  That analysis hinges not on the factual predicate of any claim, but on the nature of the claim asserted.

7

The merger agreement's prevailing party provision contemplates an award when a party prevails in an effort to enforce an agreement or to obtain damages for breach of the agreement: "If any party shall commence any action or proceeding against another party in order to enforce the provisions hereof, *or* to recover damages as the result of the alleged breach of any of the provisions hereof . . . ." (ECF No. 147-56, at Page ID # 4610 (emphasis added).) This narrow language setting forth these two specific conditions stands in contrast to broader prevailing party provisions such as that in *Clarke* ("In case suit should be brought . . . because of any act which may arise out of the possession of the premises . . ."), 1996 WL 6166677, at *1, or even in *Alloys International, Inc.*("In the event a dispute results in litigation . . ."), 2012 WL 5495180, at *2. In other words, Sequent is bound by its agreement that attorney's fees and costs are only appropriate under the merger agreement based on litigating the enforcement or breach of that contract. Any tangential claims, even if related to the agreement, fall outside the prevailing party provision.

In the language of the prevailing party provision, the ancillary claims cannot present "reasonable costs incurred in connection therewith"—in other words, reasonable attorney's fees and costs incurred in litigating the actual enforcement or breach claims. Relying on non-binding authority that in turns relies on another state's statute that links tort claims with contract claims for awards, Sequent reads the "incurred in connection therewith" language to mean fees and costs incurred on claims grounded in the same conduct as enforcement or breach claims This self-serving construction ignores that "therewith" references the enforcement and breach conditions to serve as a limitation and not as an expansion. The award must be in connection with an enforcement or breach claim. If the parties wanted a broader fee-shifting provision, they could and should have agreed on one.

8

This Court is not construing the prevailing party provision as providing this Court with discretion to make an award to the prevailing party. Rather, the Court reads the merger agreement to mandate an award, but only when there is a prevailing party. Here, the parties achieved equipoise on their merger agreement claims. This is important in light of the Sixth Circuit's recognition that "a party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim,' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.' " *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012) (quoting *Buckhannon Bd. & Care Home v. W. Virginia Dep't of Health & Human Servs.*, 532 U.S. 598, 603, 605 (2001)). There was no change in the legal relationship of the parties in regard to the merger agreement from before the litigation to after the litigation. There was no change in the financial relationship of the parties in regard to the merger agreement from before the litigation to after the litigation. Thus, under these circumstances, it would be nonsensical to conclude that either party was a prevailing party when the parties are *equally* winners or losers depending upon how kindly it is phrased. *See Novi Promenade Assocs. Ltd. P'ship*, 2005 WL 2417110, at *11 (declining to award attorney's fees under a prevailing party contract provision where there is no single prevailing party). The merger agreement component of this litigation amounted to much sound and fury (and money) signifying nothing. Consequently, Sequent cannot claim prevailing party status on the merger claims under the attorney's fees and costs provision of the merger agreement. The Court therefore **DENIES** Sequent's motion for an award of attorneys' fees and costs (ECF No. 222) and Sequent's supplemental motion for attorney's fees and costs (ECF No. 255).

This leaves for discussion Escue's own pursuit of attorney's fees and costs. Escue seeks

such recovery based on a provision in his employment agreement. That provision provides that "[t]he parties agree that the prevailing party shall be entitled to all costs and expenses (including reasonable legal fees and expenses) which it incurs in successfully enforcing this Agreement and in prosecuting or defending any litigation (including appellate proceedings) arising out of this Agreement."  (ECF No. 240-2, at Page ID # 7957.)   The employment agreement does not define "prevailing party" and does not explain expressly what "arising out of" means, but the parties do not dispute that Escue falls within the scope of these terms.   He prevailed on his breach of contract claim based on his employment agreement and on Sequent's counterclaim based on that agreement.   Both breach claims unquestionably arise out of the employment agreement.

Where the parties disagree is whether Escue has properly and timely pursued the requested award.   Sequent argues that because the award is a contractual claim, Escue had to plead for attorney's fees under the employment agreement and then had to prove the damages at trial or reserve the issue for disposition by subsequent motion.   Escue disagrees and directs this Court to Ohio cases in which state courts decided a right to attorney's fees under a contract provision after a jury decision.

*Clarke* again proves instructive.   One of the issues that the Sixth Circuit addressed in *Clarke* was whether a request for attorney's fees was a collateral issue or a merits issue.   1996 WL 616677, at *7.   The court of appeals explained that "[t]here is a split of authority over whether attorney's fees mandated by a contract should be decided by a judge or a jury."  *Id.* at *8.   But the appellate court did not proceed to resolve the split because "the parties stipulated, and the court ordered, that the issue of attorney's fees would be resolved after trial."  *Id.*   Moreover, the Sixth Circuit explained that the fact that the party seeking the award filed a motion for attorney's fees

10

was not significant because "[n]ot all motions for attorney's fees are Rule 54(d)(2)(B) motions for attorney's fees." *Id.* In other words, the pursuit of a fee award in *Clarke* was proper because of the stipulation and the motion did not transform a substantive, contract issue into a Rule 54 issue.

There is no such stipulation in the instant case in regard to an award pursuant to the employment agreement.[1] This is important in light of the court of appeals' discussion:

> The claim for attorney's fees in this case is clearly the sort of claim that was an element of damages to be proved at trial. That the parties agreed to waive a possible jury trial right on the issue of attorney's fees and have the issue resolved by the district judge after the end of a jury trial addressed to the remaining issues does not change this fact. The "substantive law," i.e., the contract, placed the attorney's fees claim at the heart of the case; they were not a collateral matter. The parties' stipulation could not change this; it could only change the timing of the decision and the decisionmaker. The parties could not stipulate that attorney's fees provided for in a contract were a collateral matter divorced from the merits of the case to be governed by Rule 54(d)(2)(B). They could, of course, have stipulated that the issue of attorney's fees would need to be raised by motion after the resolution of all the other issues within some time frame, perhaps the same 14-day time frame in Rule 54(d)(2)(B), but there was no such explicit stipulation in this case.

*Id.* at *9. Escue relies on case law from outside this Circuit to support its entitlement to an award, but none of these cases present the same type of analysis found in *Clarke*.

Escue also argues that the judge versus jury issue "would have been governed by Tennessee law" in *Clarke*, but the Sixth Circuit did not resort to such state law in its analysis. (ECF No. 258, at Page ID # 8211.) The court of appeals did turn to state law in addressing a prevailing party contract provision in *Dryvit Systems, Inc. v. Great Lakes Exteriors, Inc.*, 96 F. App'x 310, 311 (6th Cir. 2004). But that state's law provided that such an award is part of the

---

[1] In response to a question from the jury, the parties agreed at trial that the jury could not award attorney's fees or court costs as part of a damages award. (ECF No. 260, at Page ID # 8220.) This does not constitute a stipulation that the undersigned would make any necessary attorney's fees award. It also does not preserve Escue's pursuit of such an award under his employment agreement.

11

damages and not costs, so it was not collateral to the merits. *Id.* Citing *Clarke* as an additional reason, the court of appeals concluded that "the correct procedure is to plead the attorney's fees at trial." *Id.* The rule set forth is that when a contract provides for the recovery of fees as damages, a party pleads attorney's fees or loses them. *Id.* at 312.

Escue's reliance on three Ohio cases is therefore not helpful. In two of the cases, the prevailing party provision expressly placed the burden on the court to make a determination of the fee award. *Goldfarb v. The Robb Report, Inc.*, 101 Ohio App.3d, 134, 147, 655 N.E.2d 211, 219 (1995); *Com-Corp Indus., Inc. v. H&H Mach. Tool Co. of Iowa*, No. 69318, 1996 WL 631100, at *10-11 (Ohio 8th Dist. Ct. App. Oct. 31, 1996). In the third case, the state court of appeals did not reproduce the contract language, so it is unclear why the trial court decided the fee award issue. *See Landmark Disposal, Ltd. v. Byler Flea Mkt.*, Nos. 2005CA00291 & 2005CA00294, 2006 WL 2141575 (Ohio 5th Dist. Ct. App. July 31, 2006). It is notable that the plaintiff in that case had pled a distinct claim for attorney's fees separate from its claim for breach of contract. *Id.* at *1. Taken together, these three cases fail to demonstrate that Ohio law, if applicable to the instant issue, compels the result Escue seeks.

Escue failed to plead or otherwise provide notice of his intent to seek attorney's fees under his employment agreement, whereas he had provided such notice of his intent to pursue such an award under the merger agreement. There is no apparent applicable law or any stipulation such as in *Clarke* preserving his ability to pursue an award under the employment agreement subsequent to a verdict. The Court therefore **DENIES** Escue's motion for an award of attorneys' fees and expenses (ECF No. 240) and Escue's renewed motion for attorney's fees and costs (ECF No. 254).

**III.     Conclusion**

For the foregoing reasons, the Court **DENIES** Sequent's motion for an award of attorneys' fees and costs (ECF No. 222), **DENIES** Sequent's supplemental motion for attorney's fees and costs (ECF No. 255), **DENIES** Escue's motion for an award of attorneys' fees and expenses (ECF No. 240), and **DENIES** Escue's renewed motion for attorney's fees and costs (ECF No. 254).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE